The State v. Hollingshead.

## THE STATE v. HOLLINGSHEAD.

*Certiorari* to a Justice of the Peace.

A justice of the peace ought not to impose a fine upon a non-attending juror, without first giving him, personally, or in writing, a reasonable notice to appear and shew cause if any he have, why he should not be fined.

An execution for collecting such fine, should not authorize the taking the body for want of goods.

A joint conviction of two or more defaulting jurors, is illegal, and should not be made part of the record in the civil suit in which they were summoned.

The opinion of the Court, was delivered by

HORNBLOWER, C. J.    The *Certiorari* in this case, was issued at the instance of Joshua Hollingshead, to remove into this court, the proceedings before a justice, imposing upon him a fine, as a defaulting juror. It appears by the return to the *Certiorari*, that a civil cause was pending before the Justice, in a court for the trial of small causes, for the trial of which, a jury had been summoned. The trial being ordered on, and the jury called, Hollingshead and some others, whose names were on the panel, did not appear. After the trial was over, (which took place on the 12th of May 1837,) and the Justice had recorded the verdict and judgment thereupon, he proceeded on the same day, without any notice to the defaulting jurors, and in their absence, to impose upon them a fine, by making an entry in his docket, and as a part of the record and proceedings in the same cause, as follows, viz: " Joshua Hollingshead, Charles Wright, Samuel Kay, and William Kerwood, the above named defaulting jurors, not having assigned a reasonable cause for not appearing as summoned, I did adjudge the same, each to pay a fine of one dollar, for the use of the county of Mercer."

It further appears, that on Monday, the 14th of May, two days after imposing the fine, the Justice issued an execution against the goods and chattels of Hollingshead, for the fine of one dollar, with costs; and for want of goods and chattels, commanding the officer to take his body, &c.

These proceedings were erroneous and must be set aside for several reasons. By the twenty-second *section* of the act constituting courts for the trial of small causes, (*Rev. Laws*, 629.) it is enacted, that every person *summoned* as a juror or subpœnaed

as a witness in that court, who shall not appear, or appearing, shall refuse to serve or give evidence, shall forfeit and pay, for every such default, *unless some reasonable cause shall be assigned,* such fine, not exceeding twenty dollars, nor less than one dollar, as the Justice shall think proper to impose.

Now, in the *first* place, Hollingshead had no opportunity to assign any cause, or make any excuse, for his non-attendance as a juror. No notice or citation was given to, or served upon him, to appear before the Justice and make his excuse.

But it was said, that because the statute points out no mode of citing the juror before the Justice, to answer for the default, and makes no provision for the issuing or service, of any notice or citation, on the juror, nor allows any costs therefor, therefore no such notice is necessary, that the return of the constable is conclusive evidence that the juror was duly summoned, and the justice is authorized to impose the fine immediately; and it is argued that unless he may do so, the law will be inoperative, since neither the justice nor a constable will issue or serve citations on defaulting jurors, without any compensation therefor.

If this is the law, then justices of the peace can exercise a power over jurors, not only greater than this Court can do, but execute that power in a manner at variance with that great and fundamental principle, which forbids that any man shall be condemned, or subjected to a forfeiture or penalty, without an opportunity of being heard.

Defaulting Jurors in this, and in other courts of record in this State, can only be fined, to the extent of sixteen dollars, (*Elmer's Dig.* 267, *pl.* 7 *Rev. Laws,* 311, *sec.* 7.) Nor can such fine be enforced without giving the juror an opportunity to make his excuse; for by an act passed in 1799, (*Rev. Laws,* 456, *section* 1,) it is made the duty of the clerk of the court, to deliver a certified list of the Jurors fined for non-attendance, specifying the fine imposed on each, to the sheriff, who is required, either personally or in writing, to give notice to each juror so fined, at least six days before the next ensuing term of the court, by which the fine was imposed, nor can any process be awarded for the recovery of the fine, until such notice has been given.

It was said, however, in argument, that the absence of such statute regulation in reference to such fines imposed by a court

for the trial of small causes, leaves the Justice at liberty to act as he has done in this case. But this is a *non-sequitur*. There is another principle of the common law, applicable to this case, that controls the action of the Justice. It is this, that when a statute confers an authority upon a new or special jurisdiction, without prescribing the manner in which it shall be executed, the power or authority is to be exercised in the manner prescribed by, or according to the rules and principles of the common law ; and those rules and principles forbid that any man shall be fined, or in any way punished, without an opportunity of being heard.

Besides this, the statute under which the Justice acted, clearly implies as much. The Justice is only authorized to impose a fine, in case *no reasonable cause shall be assigned*. If the Juror may assign a reasonable cause, in bar of a fine, he ought certainly to be allowed an opportunity to do so. It is rather too late for him to make an excuse after his goods have been seized and sold under execution.

But then it is said, again, that having been duly summoned, he was bound to appear and excuse himself from serving as a Juror. But the Justice may fine for *not appearing,* and that was done in this case. Now it may, and very often does happen, that the circumstances which prevented the juror from appearing constitute the best reason in the world for not fining him, as accident or sudden sickness in himself or his family.

The result is, that the justice ought not to impose a fine upon a non-attending juror, without first giving him, either personally or in writing, a reasonable notice to appear, and shew cause, if any he has, why he should not be fined, and if the Justice will not take the trouble to give such notice or cause it to be given, he must omit to impose any fine.

2ndly. The execution in this case is against the body of the juror, which is contrary to the statute, or at any rate, is unauthorized by it. The statute directs an execution against the goods and chattels of the delinquent ; and the Justice can issue no other in a case like this.

Lastly, the conviction of the juror for his default, instead of being made up separately, against him, is a joint conviction of him and of three other jurors, and the whole is made a part of the record of proceedings in the civil suit, which is wrong.

The State v. Hollingshead.

For all these reasons, the fine and execution must be set aside, and for nothing holden.

*The fine and execution set aside.*